WOFFORD v. HERNDON.   (No. 851.)

(Court of Civil Appeals of Texas. El Paso. May 16, 1918.)

1. TRIAL   ⬤═260(1)—INSTRUCTIONS—REPETITION.

Refusal of requested instructions sufficiently covered by the main charge is not error.

2. APPEAL AND ERROR   ⬤═219(2)—SCOPE OF REVIEW.

The court's refusal to make certain special findings of fact should have been raised by request for special charges to be given to the jury.

3. APPEAL AND ERROR   ⬤═1170(1)—HARMLESS ERROR.

Where the only errors disclosed are technical, the judgment will not be reversed, in view of rule 62a (149 S. W. x).

Appeal from Coleman County Court; W. Marcus Weatherred, Judge.

Action by Miles Wofford against W. C. Herndon. Judgment for plaintiff in part, and he appeals. Affirmed.

Snodgrass, Dibrell & Snodgrass, of Coleman, for appellant. Critz & Woodward, of Coleman, for appellee.

HARPER, C. J. This suit was instituted by appellant in justice court to recover the amount of a note for $138.87, executed by Pedillo Leno and W. C. Herndon, and to recover the balance due by Herndon upon open account of $24.61. From the judgment in justice court appealed to county court and there tried to a jury and upon verdict for $64.46, judgment was entered for appellant from which it is here for review.

[1, 2] The first two assignments and the sixth complain of certain testimony admitted over appellant's objection. In these we find no error. The third to the seventh complain of refusal to submit certain special charges requested. In this there was no error, because sufficiently covered by the main charge. The fourth and fifth complain of the court's

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

refusal to itself make certain special findings of fact. These questions should have been raised by request for special charges to be given to the jury for their findings.

[3] If any of the assignments suggest error, they are merely technical, and not such as should reverse the cause. Rule 62a (149 S. W. x).

Affirmed.

WALTHALL J., did not sit, being absent on committee of judges assisting the Supreme Court.